8 F.3d 29
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Randall C. ROSS, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 92-55701.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 5, 1993.*
Decided Nov. 3, 1993.
 
 Before: SKOPIL, HALL, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Randall C. Ross appeals from the district court's judgment affirming the Secretary of Health and Human Service's decision denying his application for disability insurance benefits for the closed period of October 2, 1986 to August 18, 1988. We conclude that the Secretary applied the proper legal standards in evaluating Ross' claim of disability and that substantial evidence in the record supports the Secretary's decision. We affirm.
 
 DISCUSSION
 
 3
 A person is considered "disabled" for purposes of receiving social security benefits if that person is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected ... to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A) (1988). We conclude that substantial evidence in the record supports the Secretary's determination that Ross was not disabled for the requisite twelve month period.
 
 
 4
 The record consists primarily of reports of Ross's treating physician, Dr. Korbin. The district court noted that these medical reports "suggest that just a few months after surgery the only limitations on Plaintiff's ability to work related to heavy lifting and frequent bending." The court further noted that many of the doctor's reports indicated that Ross was "ready, willing, and able to perform light work if only a job of that type would have become available." We have independently reviewed the record and we agree with the district court that the medical reports provide substantial evidence to support the Secretary's determination.
 
 
 5
 We do not agree with Ross that the Administrative Law Judge improperly refused to credit Dr. Korbin's opinion. The ALJ gave clear and convincing reasons for rejecting the doctor's opinion that Ross' impairments and pain had persisted for at least twelve months. See Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir.1989). The ALJ carefully explained that Dr. Korbin's statement is inconsistent with the contemporaneous record of treatment indicating that Ross made a steady recovery from his surgery. The ALJ reviewed all of the various medical reports before concluding that he was unable to fully credit Dr. Kobin's opinion. We agree with the district court that "the ALJ persuasively explained his reasons for rejecting [Dr. Korbin's] conclusions."
 
 
 6
 We also do not agree with Ross's contention that the ALJ's hypothetical question posed to the vocational expert failed to include all of the limitations and restrictions caused by Ross' impairments and pain. The hypothetical question propounded by the ALJ accurately set forth Ross' limitations and restrictions as supported by the medical evidence. See Embrey v. Bowen, 849 F.2d 418, 422 (9th Cir.1988). The ALJ is not bound to accept as true restrictions presented in hypothetical questions propounded by counsel. Magallanes, 881 F.2d at 756.
 
 
 7
 Finally, we reject the contention that the ALJ failed to give clear and convincing reasons for not accepting Ross' claim of disabling pain. See Bunnell v. Sullivan, 947 F.2d 341, 345 (9th Cir.1991) (en banc). The ALJ compared each of Ross' allegations of disabling pain with the objective medical evidence in Dr. Korbin's reports. The ALJ concluded that the medical records do not support Ross' assertion that he suffered from constant or significant pain. The ALJ also noted that Ross' own testimony regarding daily activities and the lack of need for pain medication was inconsistent with his allegations of disabling pain. We agree with the district court that "[t]he ALJ made a serious evaluation of Plaintiff's subjective complaints, and rejected them for the period in question with good reason," thereby complying with the requirements of Bunnell.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3